Commonwealth *v.* Lambert, Appellant.

Argued November 27, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*David N. Savitt,* with him *Walsh & Savitt,* for appellant.

*Louis A. Perez, Jr.,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, January 19, 1973:

The appellant, Christopher Lambert, was convicted of second-degree murder by a jury and sentenced to from ten to twenty years' imprisonment. Post-trial motions were filed and denied after a hearing. This counseled direct appeal followed. We affirm the judgment of sentence.

There is only one issue raised in this appeal. The appellant contends that his right to a hung jury and a mistrial was prejudiced by a supplemental instruction given to the jury when they reported they were hopelessly deadlocked after eleven and one-half hours of deliberation. However, since the appellant neither objected to the supplemental instruction at the time it was given, nor at any time sought to have the jury declared hopelesly deadlocked, or to have a mistrial granted, he has waived his right to challenge the supplemental charge on appeal.

After two days of jury selection, testimony in this case began on Wednesday morning and was concluded Thursday at noon. Closing arguments and the charge were given Thursday afternoon and the case went to the jury. The final charge given to the jury concerned the standards they should follow in their deliberations and was taken directly from the model instruction

promulgated by the American Bar Association Minimum Standards for Criminal Justice, *Trial by Jury*, §5.4(a), "Length of deliberations; deadlocked jury."[1] The jury retired and deliberated for two hours Thursday evening. The jury continued their deliberations for five hours on Friday and four and a half more hours on Saturday (a total of eleven and one-half hours) before informing the court that they were unable to reach a verdict. At that time the trial judge repeated the American Bar Association-approved instruction which had been given earlier.[2] Following the supplemental charge, which was not objected to by the appellant, the jury deliberated for two more hours before returning the verdict of guilty of second-degree murder.

---

[1] The final section of the original charge was as follows:

"And, finally, I want to advise you as to the standard by which you must be guided as you deliberate. In order to return a verdict, each juror must agree. Your verdict must be unanimous. You, as jurors, have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment. Each juror must decide the case for himself or herself, but only after an impartial consideration of the evidence with your fellow jurors.

"In the course of deliberations, a juror should not hesitate to re-examine his own views and change his opinion if convinced it is erroneous. No juror should surrender his honest convictions as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the purpose of returning a verdict.

"Gentlemen, are there any corrections, additions, or omissions?

"MR. ANDERSON: None for the Commonwealth, Your Honor.

"MR. SAVITT: No, Your Honor.

THE COURT: Thank you."

[2] Section 5.4(b) of the American Bar Association Minimum Standards specifically authorizes the repetition of the instruction set out in Section 5.4(a) when the jury is unable to reach a verdict. As the *Commentary* to Section 5.4(b) points out, subsection 5.4(b) "is intended to make it clear that the trial judge may send the jury back for further deliberations notwithstanding the jury's indication to the court that it has been unable to agree."

The procedure followed by the trial judge was beyond reproach. Indeed, in *Commonwealth v. Spencer,* 442 Pa. 328, 337, 275 A. 2d 299, 304 (1971), where we recognized that "[d]eadlocked juries are a matter of concern to both bench and bar," this Court specifically recommended the use of Section 5.4 of the American Bar Association Minimum Standards when the jury reports they are unable to reach a verdict.

The appellant's contention that the charge given in the instant case had the same coercive impact as the now discredited *Allen* charge, *see Allen v. United States,* 164 U.S. 492 (1896), is meritless. Whereas the *Allen* charge specifically directed minority jurors to listen with deference to the majority position, the charge set out in Section 5.4(a) of the Minimum Standards and given in this case charges that *all* jurors "have a duty to consult with one another. . . ."

The period of deliberation in this case was not unreasonably long and was spread over three days. The deliberations were interrupted by meals and sleep. No juror complained of illness or fatigue or anything else. Neither the instruction which was given nor the circumstances under which it was given prejudiced the appellant in any way.

Judgment of sentence affirmed.

Mr. Justice EAGEN and Mr. Justice O'BRIEN concur in the result.